*212 Opinion op the Court, by
Cií. J. Boylps
* ON the 13tfe of May 1804, Meriwether piirMfe'lfeof Lynch 26S acres of land, at the price of $2,200, á'hd’lfe'-dfc cteiv®d from I^ynch a deed dSganveyance therefor, with™ July 1812, 0.1%1 settle-_ a wycr^ . ment with Lynch, he fell indebted to him ninety-three pounds eight shillings, (he balance of (he price ofThe execiJted his obligation to Lynch for thS^pay-mentwf.that-sum in horses. This obligation was a;ffgr-wgy0Ss.a^igncd by Lynch to Booker, who Ijwoughtlp'if ‘thereon and recovered judgment at law against Meri-
wether, *md to swy proceedings upon thál^udjjrrí^nt, his bill, with injunction, alleging as ^ grounds for relief, 1st, that a little upwards of* twenty "’'' the land conveyed by Lynch to hita,,, had hpen lost by a^decree .'o&the general court; 2d! that: Mrs. had not reftnquisried her right of dower; and that Lynch, was indebted to Nicholas Mfcr|wether, the latter to Meriwether, the
in his answer, controverts J|fese several jftlfap was in-^rtj'on on Meri--yyefher, by his promises atjd assurances that it Vas a lt*
, . . ' Mimng the progress oí the cause, the injunction was "dissolved, tin motion, and the money made out of Meri- *213 ^iher byexetjipuonv; and.qn a.fi,a^l fearing' th^ ürpudt '4y#tt’líQ^)g¡ ©Lspiryon th??tith'^teJs*3:vyeQte.ácr,ésiWK. Hfty p.oies«o'f thq la»d[ conveyed- B^Lyneíl^>«erj weth^J" vy^s , sa|5^§My¿^ablishéd, dasreed fiffiVpoS^Saelhe» ..pJLce^hefeob'Wbe refunded hyRWqker-tt(rf'M.d^^W^,‘i. To-'%y«i^edhat decree, Booked ji?.s ^>rose4á^^1^ wflüfiSf. error. , , • , • '/¿jts
Q»to6elj, to* <jhahcer§r.,
’¿HP'® .only,^[ije9||(nt .which, is directly preseñad',W! rephving .tfcfiai-aeei&ion of the circuit court, the evidenéédn the record k sufficient to* showr'suájaSsühi eviction o.f Meriwether frgra, twenty acres an<3' fifty poles'offc land conveyed by Lynch to hih^ as wiMj entitle,him to .reliáis' .' *. t*.,*' ,
To establish the^viction, Meriwether has exhibit^ ■^the’co'pyof'a decree of the general court, in a §iñt ,in which Nicholas Meriwether, unfgl- whom Lynch <|^jj ri'veg title, was complainant, and Stafford was' defeij* dant, sustaining N. Meriwether’s claim, and|j3irecting of surveying it; and he proves by á' witness, ihapIBfflod.e in which the claim was disectejl by the . RSre,e|to be surveyfed, leaved out- a parf oí tlje lp.nd jtó.^hí^i was included in the original survéy ;^a»d he- also^ * proves by the same wRaep, that a part of the landfe'o , left o||uqf'the. survey |Bj||ed, and" included inline original yprvey/i's coveréufby field-notes of the hard d'eed-ecT by Ly^ch to him, which the witness had seen Tn the. wrftihg^ John Newland, clerk. This is t^e sub-J jjidance of thenvhole evidence cQntained in the recpr.dj llfon this point, and it is manifestly wholly^ffl^ufficielir Üfe-establigh such an eviction as would -entitle Msri-•,w^stKf^p'''.recove.i: upon the warranty cocinea in . <• Lynch to him. . To entitle M'^^Lto •Í*. ■ eviction, he ought to have snowntm?! it yylfs ,..«Sra.paramount title; and there is no'evidenh&rff-fne superiomy of Stafford’s,claim;|dj|ihat of N^feol® Mer$| wether. . Lynch ¿was no p'k*rty^^w^e suit in the general ccmrt, an,d the decree^pf that court, bein^ giade.loijg aftet^^e derivation of Lynch’s title from Nicholas Meri-wether, .cgaffie no evidence against Lynch, or a||y onq '.claimisig^pller Lynch; and the title jganers of Stafford oj,of Nicholas MefAffi^ffier aremqtjpxmbfted. ;Besid^, ■ Ine'.evidence to show tlM the,lal?d claimed by Nicholas, Meriwether, and not decreed’to Kim; is inchidehin^ihe tract conveyed by Lyrich to Meriwether, theeq|nplain-ant, is defective; for the witness only swears that it.-was ' * *214 included in of the. land deeded "by Lynch, which lié bad seen; bwt the’ field-notes;are-‘,hót.,produ-ced, and th$ fitness does not pretend to swear that’he .knew t^t they were Jhe same of .tfye boundaries de-scri^ed in the (feed from Ljnch to Meriwether; - life jgrou ríd,,therefore, upj$n which the circuit court founded, its decree, is unsupported by the evidence iHjhthe and me decree, of course, muftbea-eversed ptiu t, /^bHorof.we can direct what decree should be rendered, .when the cause is remanded, it is necessary to notice the other grounds on which Meriwether .asserts his claim to relief. With respect to these, however, w© have no hesitation in concurring witlrthecircuit court} ¿hat. claim to relief cannot be sustained.
t As to Mrs. Lynch’s not having relinquished her .pr, it is sufficient t$|fremark, that Meriwether having received the deed from Lynch without taking from him any writ^n memorandum, binding him to make further assurance, or to procure the relinquishment ofdpwec, he must-be understood as trusting exclusively;to Lynch’s warranty; and to give hitmreliefon the^rotind of dower not having been relinquished before a breach of the warranty by an evictigmyvould be directly’contrary to:the express letter of 1||J‘statute agaiq|lg|rauds and perjuries. ’ - ^ ^
As to the claim to relief on the ground of ljynch’s being indebted to N. Meriwether,' and -the^latt.er to the complainant, it must be considered as having bée'n^ abandoqed4nthe court below; for no step was taken tbJ bring N, Meriwether before the court, and, unless, prop*er stepshad Jieen taken to bring him before' the- hourt, relief,o^'this; ground could be granted.
' The Hecree must be reversed with costs, and the cáusfe be remanded, tjiat the bill may be dismissed wife- * ■ - ,